

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. L. Chandler
County Auditor
Montague County
Montague, Texas

Dear Sir:

Opinion No. O-4755
Re: Liability of a cemetery associa-
tion for ad valorem tax on oil
producing lands owned by said
cemetery association.

We are in receipt of your letter of July 31, 1942,
in which you request an opinion on the following submitted
facts:

"Please advise me as to whether or not a County
has authority to tax the royalty interest of a cemetery
association, that is, where there is a producing oil
well on land belonging to the cemetery association,
and the proceeds from such production is used for the
upkeep and maintenance of the cemetery, does the County
have lawful authority to tax such interest belonging
to said cemetery association?"

The provision vesting in the legislature authority
to provide tax exemptions is Article VIII, Section 2, of the
Constitution of Texas, which states as follows:

"All occupation taxes shall be equal and uniform
upon the same class of subjects within the limits of the
authority levying the tax; but the legislature may, by
general laws, exempt from taxation public property used
for public purposes; actual places or (of) religious
worship, also any property owned by a church or by a
strictly religious society for the exclusive use as a
dwelling place for the ministry of such church or reli-
gious society, and which yields no revenue whatever to

Honorable I. L. Chandler, page 2

such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void." (Emphasis ours)

In exercise of this authority the legislature enacted Article 7150, Section 3, which provides for the following exemption:

"Cemeteries - All lands used exclusively for graveyards or grounds for burying the dead, except such as are held by any person, company or corporation with a view to profit, or for the purpose of speculating in the sale thereof."

The exemption in this case is created by the use of the land and not by the use of the income from the land. A similar exemption statute covering land used for charitable purposes has been held not to include buildings part of which were rented though the rent proceeds were used for charitable purposes. In the case of Morris v. Mason, 68 Tex. 703, 5 S.W. 519, Justice Gaines said:

"If it can be shown that property belonging to a charitable association, not directly and exclusively used by it in furtherance of its charitable purposes, but partly rented for profit, though its revenues be exclusively devoted to the objects of the charity, is not exempt from taxation in our state."

Since this decision Article 7150, Section 7, has been amended so as to include "rents and profits" from property when used for designated purposes. Section 3 of Article 7150, providing for cemeteries, has no provision such as the above covering property used for purposes other than therein designated.

Land used for "graveyards or grounds for burying the dead" is exempt from taxation but not grounds used for the production of oil, regardless of ownership. Although the oil may be considered to have been produced from land used as a cemetery, the minerals are a severable estate, and this estate is not in use as a cemetery and therefore is not subject to exemption, though the surface estate is exempt because of its use.

As to the proper construction of tax exemption statutes in the case of City of Dallas v. Cochran, (Civ. App.) 166 S.W. 32, Justice Levy said:

"It is the universal rule applicable to statutes exempting property from taxation that 'when an exemption is found to exist it shall not be enlarged by construction. On the contrary, it ought to receive a strict construction; for the reasonable presumption is that the state has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute, the favor would be extended beyond what was meant.' 1 Cooley on Taxation (3d Ed.) p. 357. This rule plainly meant that the statute must be taken literally, or, if the construction of the law be doubtful, that the doubt must be resolved in favor of the taxing power and against the exemption. 2 Sutherland, Stat. Con. (2d Ed.) § 539; approved Morris v. Masons, 68 Tex. 698, 5 S.W. 519."

In applying these rules we think the legislature intended to exempt only lands used "exclusively" as cemeteries, and the mineral estate when valuable as such is subject to taxation.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*
Walter R. Koch
Assistant

By *Joseph E. Jackson*
Joseph E. Jackson

JEJ:AMM

APPROVED SEP 3, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN